Per Curiam.

The record establishes that a keg of beer was attached by a brewery driver, not an employee of the licensee, to the tap of a different brand and that beer was sold to respondents’ investigators from an improperly labelled beer tap in violation of subdivision 4-a of section 106 of the Alcoholic Beverage Control Law. Without any evidence1 whatever to the contrary, it was also shown that the lceg of beer was so attached inadvertently and unintentionally by the driver- at the bartender’s request and the petitioner neither benefited nor stood to benefit in any way from the erroneously connected tap as the price of both beers was the same and the other beer was available. Accordingly, the record shows an isolated inadvertent instance of a tap being incorrectly connected. In the light of *158 these facts, the punishment imposed appears to be so excessive and so far out of any relation in reason to the type of offense proved as to seem to invite reconsideration, perhaps after taking further testimony. The State Liquor Authority has the power to suspend for cause a license under subdivision 3 of section 17 of the Alcoholic Beverage Control Law and the Supreme Court under section 121 has the power to review such ‘ ‘ suspension ’ \ In view of the state of facts disclosed in this record, we are warranted to remitting the matter to the authority for further action and reconsideration of the extent of the punishment imposed herein.
The determination should be annulled, without costs and the proceeding remitted to the State Liquor Authority for further action in accordance with this opinion.
Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ., concur.
Determination unanimously annulled, without costs, and the proceeding remitted to the State Liquor Authority for further action in accordance with the opinion herein. Settle order on notice.